Case 22-3462, David Ciraci et al. v. JM Smucker Company Argument not to exceed 15 minutes per side Mr. Mendenhall, you may proceed for the appellants Good afternoon Good afternoon, thank you Your honors, my name is Warner Mendenhall, I represent David Ciraci Carla Grosjean, Andy Regg, Megan Moore, and Joseph Adams, all Smuckers Corporation employees, all long-term employees all with almost perfect employment records, all of whom requested religious exemptions to the vaccination and all of which are no longer working at Smuckers Corporation Smuckers is a federal contractor Just one brush-clearing question, the Title VII claim is where? Is it being exhausted? Is that what's going on now? Yeah, the employees have filed, some of them have filed Title VII claims, others have not, in this mix here, I can tell you that Alright, so anyway, that's, it's in front of the EEOC right now There are some in front of the EEOC, that's correct I got it And my understanding, I talked to Andy Regg, he has actually settled his claim, by the way, of these appellants, so we do have one that has settled in the meantime So I want to let the court know about that But Smuckers is a federal, and a military I'm not sure what exactly you meant by that last point, but if you're formally saying one of the plaintiffs is no longer a plaintiff, that requires a filing I know it does, this just happened recently No, no, no, I'm not complaining, I'm just saying don't think what you just said I understand Dealt with that, you need to tell us formally I understand, thank you So Smuckers is both a military contractor and a federal contractor as well They provide millions of peanut butter and jelly sandwiches for military prisons and schools Their contracts are about $125 million a year So this corporation is very dependent on its federal contracting, and it's very concerned about keeping and maintaining those federal contracts You said $125 million in revenue from the federal contracts? From the federal contracts What's the total revenue of the company? I'm not sure, your honor, I think it's close to a billion dollars, but I'm not sure what the total revenue is I'm guessing neither point is in the record Is the $125 million in the record? I'm not sure that that is in the record, your honor But what is in the record is that they are a federal contractor I'm just trying to emphasize that this is very important Tell me why you didn't sue the federal government, I'm just curious I'm sorry? Why not sue the federal government? Well, I think it's very important that Because they're obviously a government, that's a government, right? Sure It's understandable that you could bring federal constitutional claims against the government Your honor, I think it's very important that When corporations are acting in conjunction with the federal government, coerced by the federal government Or substantially encouraged by the federal government To carry out a federal government policy That they are identified as having stepped into the shoes of the federal government Just like in the Addicke's case I'm kind of making a slightly more basic point I'm just curious, you don't have to tell me all your strategy But lawyers are known for having plans B and C You wouldn't have been the first person to plead in the alternative, let's put it that way And so I guess I'm just curious Sure Why you wouldn't also sue the federal government Because that would simplify You'd be able to make your challenge either way Do you see the point I'm making? In other words, your concern is about how This federal mandate and the religious exemption is being implemented Yes And surely some of that starts with the federal government They're the ones that created the mandate with the exemption So I'm just puzzling a little bit as I work through the case Why you wouldn't sue the federal government Because then you don't have a state action problem, right? Your honor, I consider this an opportunity, not a problem To clarify this relationship between the federal government And the corporations in this country This entwinement So the goal is to straighten out the law and not win? No, the goal is to win But we need to be clear that corporations When they're entwined like this, when they're coerced Or when they're encouraged substantially by the federal government That that's bad behavior by our corporations They need to be separated from the federal government And not aligned always with the federal government Whatever the president says This court just had a ruling, Kentucky v. Biden And it really shows how the federal government Did victimize our companies across the United States By these mandates But what happened then is the companies then Victimized their employees by requiring at the time This was an experimental shot under a DOD contract It was a DOD prototype shot So why is the companies that are then victims How can they then become victimizers Which they did in this case Victimizing their own employees Mandated an emergency use only shot That's what I'm concerned about And we need to straighten up that relationship So this relationship is important So you're more concerned about the mandate Than the religious exemption? Well, everything flows from the mandate The mandate comes down And what happens then is the employees have to go through A process of asking for exemptions Which I don't think they should have even had to do it But they had to do that for the exemptions Let me ask you about that Because I couldn't tell from your complaint exactly What process Smucker afforded With respect to a religious exemption Can you just Do you know what the process was? I mean, understand Obviously this went out on a 12B6 So we didn't get into this What I'm trying to understand is Did they afford the process that the mandate required Or was it a more summary procedure Than what the federal government was envisioning For the exemption? No, my understanding And as we alleged in the complaint These folks went through an interrogation Basically by the company About their religious beliefs But understand I'm looking at it from a level of generality Before that Are you alleging that was mandated By the vaccination mandate itself As to what the process would be That they would go through? One of my points is That the mandate itself Forced them to reveal their religion Go through the interrogation These are things that they shouldn't have had to go through In the first place Because the mandate was illegal And the company shouldn't have So we have that point Just in response to Judge Bush's question I mean, how do you understand The federal side of it to work When it comes to the employers? How much does it say to them About how they handled Implement the exemption? We know they ultimately have the choice I think we're all on the same page there But I'm fairly curious What the answer to Judge Bush's question is Was there guidance in how you do it? Or was it just simply There's a religious exemption The company's in charge of it, period? Your Honor This went out on a 12B6 No, no, but this is law These are all things that could be in rules Guidance I understand that And I'm just curious if you know it If you don't know it Just say I don't know it No, but this is an important point We didn't get to discovery We do suspect Because we've seen it in other cases That there were financial incentives To get people to a certain amount You know, to get to 90% Vax rate In your company We need to have discovery To find out what the communications were With the federal government What were the financial incentives? This went out on a 12B6 If this were here on summary judgment That would be different Totally got your point Yeah I still want to know if you know Are there any rules, guidances By the federal government We're on the same page That that is not something you get through 12B6 12B6 I don't know It's called doing the research Yeah, I don't know of it I don't know those I don't know what communications were there And I don't know what rules were there Except that the federal government Did allow for religious and medical exemptions That's in the rules So let's say there's no guidance And your answer to Judge Bush's question is I don't No, no, no Now we're in a different thing You're alleging that they did it in a summary basis No You called it an interrogation It's not a summary basis But it is an interrogation But I think that itself is a violation Of your religious rights To have to go through this interrogation Over an illegal And your allegations about the interrogation are what I mean, what does the complaint say About the Other than the word interrogation What does it say specifically in the complaint Because this is all obviously stuff you have It's on, it's on page It's on paragraph 56 We just, we We had talked to our clients About the interrogations that they went through We allege that they were interrogated That's what we say We haven't fleshed out We don't have copies of any recordings That Smuckers may have made We don't have any notes That the interrogators may have made I wouldn't go down that road Because you have You can talk to your clients Right, they were there So they That's how they described it They can tell you what happened And you can say it But anyway, it says interrogation So fair enough All right Well you know One of your problems may be You don't Say or don't plead How, what percentage of The revenues of Smuckers Is attributable to These contracts With the federal government And I think Chief Judge Sutton May have been alluding to this earlier I know the case went out on 12B6 But you also didn't Put that into your Your complaint or your pleadings So If you want to show that The federal government was controlling The decision making of Smuckers Seems as though you would need to Plead what percentage of revenues Or what the Specifically what the financial situation Would be in terms of the relationship Between Smuckers and the federal government And I'm not sure you've really presented that  I think it's clear in the exhibits That they are very worried About their federal contracts And that they need to comply With these federal contracts To get these and future federal contracts So I believe it's in exhibit two Yeah it says Broad definition of federal contractor Applies to existing and new contracts And they want their business to thrive That's what's in the exhibits Well that may be so But there's a case law that says That in these kinds of situations You have to show What the financial magnitude Of the control happens to be To show that the action was in response To the coercive relationship Or contract with the federal government And you don't really have that in your pleadings Well your honor Again I believe Because of how this was dismissed under 12b-6 Obviously that would be part of our Exploration and discovery In terms of how Comprehensive these contracts are How important they are to the income of the company Well I know that But it's not in your complaint That kind of information Your honor with all due respect I think the exhibits show How important it was to Mark Smucker To keep these federal contracts It was critical to them Okay well you'll get your full rebuttal Let's hear Thank you very much Ms. Stratford Good afternoon Good afternoon Tracy Stratford from Jones Day On behalf of the J.M. Smucker Company It's a privilege to be here Thank you As the court is well aware The J.M. Smucker Company Is a private company Publicly traded It's not the government It does have government contracts That's true But that's the extent of its link to the government Government contracts Like many, many, many corporations in America The crux of the appellant's argument here Is that they were denied their First Amendment rights Because their request for religious exemption Wasn't handled the way that they thought it should be handled They're actually not Just out of curiosity Do you have any sense to the thing we were About the point we were discussing earlier Whether there was guidance Or rules about how companies were supposed to Implement this free exercise exemption I do, your honor In the complaint at paragraph 4 There's a footnote And the footnote is a link to the website of the task force That issued the guidance If you go to that website and look at the guidance The extent of the guidance is A covered contractor should review and consider What, if any, accommodation it must offer So not much But there is guidance there I suspect, if I'm allowed to speculate for just a minute That the guidance didn't go further than that Because as the court knows The executive order was actually never fully implemented It was ultimately challenged by the courts And the courts ultimately stayed the order Nothing ever happened And so that guidance never had to be developed Any further than it was Smucker did not act according to that guidance at all Because as the court also knows It instituted its policies Notwithstanding the government's policies were stayed And so it was acting of its own accord Of its own free will Not pursuant to a mandate Is that true at the time the plaintiffs lost their jobs? Yes, sir December 15th It had already been stayed Correct But didn't Mr. Smucker make reference to the mandate As sort of a justification for why the company was doing what it was doing? Sort of, Judge Bush What he said is He said we had anticipated that we were going to have a vaccine expectation And that we would work with you all as our partners at the company To implement that and the timing of it The executive order comes out And Mr. Smucker says Based on this order We're going to fast forward everything We're going to go from an expectation to a mandate Faster than we thought we would That's the extent of it When it became clear that the executive order Was not going to go forward When it was stayed Smucker didn't pull back They didn't change any of their policies They continued forward As if nothing had changed Because in their minds nothing had changed The exhibits to the complaint Exhibits 1 and 2 Make clear that Smucker had multiple reasons For doing what it was doing One of those reasons was It wanted to comply with what the government wanted it to do There's no doubt about that That's absolutely clear But the what it wanted it to do Is the key here And I think we have to focus on that Because the act that is alleged To have caused the injury here Is not the institution of the vaccine mandate itself But the way that the exemptions were handled That's the crux of the complaint That's the crux of the First Amendment injury That's alleged That's not what the executive order mandated The executive order actually says the opposite Of what the plaintiffs are arguing here today If you look at paragraph 5 of the complaint They actually allege That the task force guidance Called for federal contractor employees To receive a complete round of COVID-19 injections By January 18, 2022 Unless legally entitled to an accommodation For medical or religious reasons So in fact The government didn't tell Smucker Didn't coerce Smucker To not provide religious exemptions It did the exact opposite And unless the government coerced Smucker To do something that violated the First Amendment You can't have government action On behalf of Smucker Violating the First Amendment But I mean their point would be You wouldn't have had this little debate Had you not had the mandate So I mean I guess That depends on how you define the mandate judge If the mandate is from the government We would have had this debate And that's because Smucker had already Established the vaccine expectation And was on a path toward a mandate on its own If that's If the mandate is from the government Then we know Smucker's decision existed before the government order And continued after the government order was stayed If the mandate is the existence of Of what Smucker was going to do Then it had intended to To accommodate religious exemptions all along That was part of what was taking so long It was just trying to Determine how it was going to address medical issues And people who had religious objections What's your take on the We judges sometimes don't do the best job Clarifying things with our different Formulations of tests I don't know if this is one of them or not But one of the inquiries is I think it sometimes goes under the word coercion And when you are able to show coercion You're able to show state action Or some form of state action Isn't that a little bit in tension With the cases that say Complying with federal law Does not create state action I mean I would have thought Federal law says do something I don't know how you could describe that As anything other than coercive Because if you don't do it Presumably there's a penalty Do you have a sense for what they're getting at With that problem? I have a sense And I agree that there's a tension there The case law is very clear That simply complying with the law Doesn't mean that you were coerced But there are also cases that suggest That by acting under color of law That that's sufficient to be a state actor If you look carefully at the cases That simply look at Whether someone's acting under color of state law As being sufficient And whether or not the laws that exist Are sufficient to compel somebody Such that they are a state actor Those cases tend to be in extreme circumstances In which there is some sort of joint action Between the actor and the government And while the test isn't articulated that way The facts often come out that way For example that addicts case That appellant's counsel just referenced In that case what you had You had the diner that was Trying to throw out the patrons Because they were mixed race eating together And so the issues there The facts suggested At least they had been alleged That the owner of the diner Was in cahoots with the police And they were wrestling people out of there Under color of law And so because there was some sort of There was a conspiracy alleged And there was joint action that existed That seemed to overcome And be enough to be coercive in that Do you remember if the police and the diner Were sued? The diner and the police were both sued? I believe they were in that case Okay so the question No one had a problem with the police Because they were engaged in the discrimination Then the question was whether the diner Could be held responsible Correct Yeah That's correct That's correct Now as you correctly point out The test is not articulated that way But if you look to each case And you look at the facts The facts do seem to be something more Than simply complying with the law In each and every instance And so when you look to this case What you see is nothing more What is alleged is actually pretty skinny Most of what appellant's counsel said to start Is not in the complaint at all What's alleged is simply That there was an executive order And that smucker put out some guidance Saying hey we're going to comply with this order That's it There's no further tie I don't see how that's possibly enough Every corporation in America That complies with the law as a state actor Under the test he's articulated If this pleading If this complaint is sufficient There is no daylight Between being the government and a state actor For purposes of the first amendment The fourth amendment Or anything else What about the theory of The percentage of your revenue Being relevant to Whether it's coercion or not Do you believe that If it's a sufficiently High enough percentage of revenue of a company That that could lead to coercion I don't your honor I don't And I think that's because Economic incentives aren't the same as coercion Otherwise we're all sort of Coerced to be in our jobs right And I don't think that's the case It's got to rise to something else I'm not aware of any cases Certainly that look simply to How tied you are Based on economics And is there And there's case law I believe Saying that merely being a government contractor Doesn't establish the conspiracy That you're talking about From this diner situation That's exactly right In fact this court decided The Thomas versus Nationwide case A few years ago And in that case That's the case where the Nationwide Children's Hospital The The parents of children Who had been allegedly abused Were suing Nationwide Hospital Saying you're a state actor You ran additional tests You're governed You get funding from the government And you're required to report Child abuse to the government And for all those reasons You should be able to be sued As a state actor And you violated the Fourth Amendment When you ran these additional tests On our children And in that case This court wrote That it's not sufficient To simply be regulated by the government Or to get funding from the government And so I would suggest that Being tied to the government in that way Economically tied to the government So even if all the revenue of Smucker Came from a government contract You would say that Still wouldn't be enough? It wouldn't be coercion There certainly would be a strong tie And maybe there's an argument That they're intertwined at that point And that's another test That the Supreme Court's articulated Is the Maybe I'm getting the word wrong So that means All these defense contractors That's their whole business They're all state actors? They're not state actors I know That's why I'm puzzled by this No, they can't be Like I said, Your Honor Then there's no daylight There's no daylight That's all they do Some of them That's all they do Is sell military equipment Make it and sell it to the U.S. So that would suggest As your original point That the percentage of revenue Doesn't really matter It could be a factor, I suppose If you were balancing factors And trying to understand The weight of the coercion Well, they were under the same mandate I'm sure And I just can't imagine A world in which They have It's a different rule for Grumman From Smucker's I don't see it That would be astonishing Well, and then the rule would apply To every other Well, I shouldn't say Every other corporation But many, many other corporations In America Smucker's not the only company That serves both the public And the government It's an extreme change Just one other auditioning idea That I haven't quite figured out Is sometimes those cases These coercion compliance with law cases Seem to be Sometimes the question is Whether you're trying to get At the private company Sometimes the question is Whether you can treat The private companies As an agent for the government And therefore make the government Responsible for what the agent did Which I think is what's going on In Adiki's and maybe in Bloom I'm not positive But I think that's what That's how they were using this That's not how this is That's not how this case comes to us Correct, correct And both Bloom and Adiki's Are the same, correct That is So why isn't that the way to think about it? In other words That form of coercion Doesn't create this problem With compliance with law Is usually coercive That's a doctrine designed To let you sue the federal government Well here you would agree They can sue the federal government They don't need your help True Because they're the ones that created the Well if you have any bright ideas After the argument about this Feel free to file a supplemental letter But this has been making my head spin Candidly you're on our mind too And the cases just don't There's not a way to sort them out To see where the lines are drawn Well no, no, no Don't give up No That is not what we do here We're going to find something And you're going to help us So try this one It was an audition You can You can Pop it The balloon But I I don't know There has to be a better way to write this I think that's probably right I'll think harder about it Well if there are no other questions from the panel I appreciate your time And I would ask that you affirm The district court Okay, thank you very much Mr. Atford Mr. Mendenhall You've got some time And you're free to tell us a theory that works Even one that helps your client And I take it You're only arguing the coercion theory As a basis for Well You know, I think coercion is the wrong word actually Okay It's substantial encouragement Now let's remember There's two parts in that sentence in those cases If you look at Bloom v. Uretsky It's coercion or substantial encouragement That's what we have here Is substantial encouragement of our military Our federal contractors Do you understand the point I was making? That those were cases where they were using The action of private entities A doctor deciding where someone goes To treat it as state action For purposes of suing the government In other words, they were working together That's not what's going on here Because we agreed at the outset You could have just sued the federal government And plenty of people did it Kentucky v. Biden And many, many other cases But I think what's interesting here Is when we have companies That are violating fundamental rights Based on substantial encouragement By the federal government That's the problem here These companies need to be aware Of the fundamental rights That their employees have In their place of employment And when they're imposing A federal mandate In a way that violates The First Amendment Your religious rights It may be something else next year But for now, this is what we've got So these companies It's like your theory is so broad You're kind of opening up Any government contractor To being sued as a state actor What's your limiting principle? Well, I think the limiting principle Is the fundamental right We have never had companies Imposing medical procedures On employees in my lifetime We need to recognize How extreme this is How extreme this mandate is I think this court has actually done that In the case it decided a couple of weeks ago We're not the ones you should be complaining to We're doing a pretty good job on this point Well, you are doing a good job on it But we need our companies To understand that employees Don't just come in And relinquish all their rights When they open up the company door And when that company Listen, we get that broader point You can keep saying it It's your time But we're trying to figure out Judge Bush is asking this So take the defense contractor It's 100% of their work Is building military equipment For the United States government That's all they do So that's 100% situation Do we really think of everything they do As state action? That seems really surprising to me So someone wants to talk at a meeting And the manager says no Free speech violation I think that the limiting principle Is when these companies Are going into really non-traditional areas Such as medical treatment When they're not medical companies, for one This is really different When you're treating your employees as if And where does it stop? They give out health insurance Employers do And the insurance they make available Covers some things But not other things So the corporate world Is being integrally involved With determining the health care of employees And their health care choices For decades and decades I'm not sure I understand the point Well, you were making the point That these companies Can and shouldn't get involved With certain areas of employees' life Or lifestyle And shouldn't engage in coercive action In some areas Such as health care And they already have been doing that Quite lawfully and legitimately Virtually forever You know, I don't think providing Health care policy to its employees Is the same kind of coercive action As what we have here Where you're mandating an experimental shot Which is what it was at the time It's very different Well, they're being coercive In that they're making certain Health care available And some not And providing financial incentives Premiums are lowered If people don't smoke They've got all kinds of coercive rules Well, I mean, let's move it In a different direction If the federal government said None of your employees Can get pregnant None of the ones who are working On federal contracts Can get pregnant We easily recognize That's a fundamental right And in a company Then to impose that policy That's a great example Because if the federal government did it We would very quickly sue The federal government If the employer did it We would very quickly use Title VII We have neither option In front of us today But if the federal government Told the federal contractors That they had to put this policy in Then that federal contractor Is stepping in the shoes Of the federal government And should be sued Just like the federal government gets sued I agree with you That Smuckers allows you To sue the federal government Because Smuckers is acting as an agent I agree with that entirely And what I'm struggling with Is why everything you said Makes Smuckers the federal government That's the thing that seems difficult Your honors I'm just very concerned At the path we're going down In terms of where does it stop Where does the medical intervention stop Within a company Based on these federal mandates And I think the companies Need to understand That they have stepped Into the shoes of the federal government And that they are liable Just like the federal government We are doing some Title VII claims I can tell you right now That those EEOC investigations Just ended The lawsuits just got filed Well there's no point Talking about it now We know they're there So thank you very much For your argument For both of your arguments For your helpful briefs And as always We appreciate when you answer our questions So thank you Thank you all very much